WALLACE, JUDGE:
Claimants are the owners of a two-story brick residence located at 2524 Kanawha Boulevard East in Charleston, West Virginia, adjacent to the new Kanawha City Bridge. Directly across Washington Street from claimants’ house there was an abutment of the Old Kanawha City Bridge. The respondent Department of Highways entered into a contract with National Engineering Company, an independent contractor, to rebuild the bridge. Incident to that work, a subcontractor, Martin Explosives, demolished the old bridge, and the mentioned abutment was demolished, by utilizing a crane and headache ball which, according to the undisputed evidence, was sometimes dropped a distance of 100 feet. It is also undisputed that the claimants’ house experienced vibrations which caused cracks in the walls, damage to the foundation, and flooding in the basement. In addition, the paved parking area was damaged due to the heavy equipment and heavy vehicles parked in and around claimants’ driveway. Claimants seek damages in the sum of $17,000.00.
The facts of the instant case are almost identical to those in the claim of Cleo Lively Moore v. Dept. of Highways, Claim No. CC-78-292 decided by the Court on March 5, 1980. In fact, the claimants in the Moore case and the claimants herein are neighbors whose property damages were caused by the same construction project.
In the Moore case this Court held, “It is a general rule that the employer of an independent contractor is not liable for torts *319 committed by the independent contractor. But a well recognized exception to the general rule of non-liability exists in the case of inherently or intrinsically dangerous work. Whether work which produces vibrations sufficient to cause damage or injury is or is not so intrinsically dangerous as to render an employee liable for the tort of an independent contractor depends upon the circumstances.”
Under the circumstances of the instant case, where the work was, as in Moore, performed in proximity to the claimants’ residence directly across the street, it appears that it was intrinsically dangerous, and the general rule of non-liability should not be applied.
Based on the testimony of an independent field appraiser, Gerald Terry, and an estimate from a general contractor, C. A. Branham, the Court awards the claimants $6,950.00.
Award of $6,950.00.